IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| SHAUN BRIDGER, KENNETH HESTER, ROBBIE JOINER, JEAN LEBEUF, DALLAS MALONE, NICHOLAS MCCANE, AARON MILLER, NEAL MOORE, MICHAEL PARROTT, BRIAN POWELL, DANIEL PUTNAM, CAREY VANN and JOSEPH VAMPER,<br><br>**Plaintiffs**<br><br>v.<br><br>MACON-BIBB COUNTY, GEORGIA and BIBB COUNTY SHERIFF'S OFFICE,<br><br>**Defendants** | CIVIL ACTION NO. _____ |

## COMPLAINT FOR DAMAGES

**COME NOW**, Plaintiffs in the above-captioned civil action, and file their Complaint for Damages against the named Defendants, showing this Honorable Court the following:

## **OVERVIEW**

1.

Plaintiffs bring this action to recover unpaid overtime wages for "on-call" time pursuant to the Fair Labor Standards Act (hereinafter "FLSA"), 29 U.S.C. §201 *et. seq.*, and to recover unpaid "on-call" ("stand-by") wages pursuant to Sections 6.06 and 7.05 of the Macon-Bibb County Government Policies and Procedures Manual (adopted on December 31, 2013) ("the Manual"), and pursuant to Sheriff David Davis' October 6, 2017 Directive/On-Call Pay Guidelines regarding "stand-by" pay (the "Directive").

2.

At all times relevant to this Complaint, with the exception of Plaintiff Aaron Miller, all named Plaintiffs were employed by Defendants working in the Criminal Investigations Division ("CID") of the Bibb County Sheriff's Office ("BCSO").

3.

At all times relevant to this Complaint, Plaintiff Aaron Miller was employed by Defendants working in the Crime Scene Investigations – Forensics ("CSI-F") division of the Bibb County Sheriff's Office ("BCSO").

4.

Defendants willfully failed to pay Plaintiffs overtime wages for excess hours worked in violation of the FLSA, specifically compensation for hours spent "on-call," where the Plaintiffs were restricted from effectively using their time for personal use.

5.

Plaintiffs do not qualify for any overtime-exempt positions as defined by the FLSA, and should thus be paid overtime in accordance with these laws.

6.

In addition, the Macon-Bibb County Government Policies and Procedures Manual, Sections 6.06 and 7.05, as well as the Directive issued by Sheriff Davis, required the Defendants to compensate Plaintiffs for "on-call" pay as Plaintiffs were non-exempt employees on the Defendants' on-call list.

7.

Accordingly, Plaintiffs bring this action to recover unpaid overtime compensation owed to them under the FLSA, 29 U.S.C. §216(b), and to recover unpaid wages for "on-call" time in accordance with the Manual and Directive.

## JURISDICTION AND VENUE

8.

Plaintiffs re-allege and incorporate the averments in paragraphs 1-7.

9.

This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1331, 29 U.S.C. § 216(b) and 28 U.S.C. 1367.

10.

Plaintiffs are residents of the State of Georgia.

11.

Defendant Bibb County Sheriff's Office ("BCSO") is a part of Defendant Macon-Bibb County, Georgia's ("County") consolidated government, and is subject to the jurisdiction of this Court.

12.

Defendant BCSO may be served with summons and a copy of the Complaint at its principal office, located at 668 Oglethorpe Street, Macon, Georgia 31201.

13.

Defendant County is a consolidated governmental agency, and is subject to the jurisdiction of this Court.

14.

Defendant County may be served with summons and a copy of the Complaint at its principal office, located at 700 Poplar Street, Macon, Georgia 31201.

15.

Venue is proper in this Court pursuant to 28 U.S.C. §1391 (c).

## FLSA COVERAGE

16.

Plaintiffs re-allege and incorporate the averments in paragraphs 1-15.

17.

At all times relevant to this Complaint, each Defendant was an "employer" within the meaning of the FLSA 29 U.S.C. § 203(d).

18.

At all times relevant to this Complaint, each Defendant was a "public agency" within the meaning of the FLSA, 29 U.S.C. § 203(x).

19.

Plaintiffs have not and do not qualify as a member of any of the defined classes of employees that would be exempt from overtime compensation as enumerated in the FLSA, 29 U.S.C. § 213(b).

## FACTS

20.

Plaintiffs re-allege and incorporate the averments in paragraphs 1-19.

21.

The on-call/stand-by policy for all County employees (including Plaintiffs) is laid out in the Manual, which was approved and adopted by County Commissioners on December 31, 2013. The on-call/stand-by policy was specifically addressed to all employees of the BCSO (including Plaintiffs) by Directive issued October 6, 2017.

22.

The Manual/Directive stated that Plaintiffs, while employed by Defendants, were entitled to compensation for two additional stand-by hours, paid at their hourly rate, for each weekday on which they were on call, and for four additional stand-by hours, paid at their hourly rate, for each Saturday, Sunday or Holiday they were on call, regardless of whether they were actually required to respond to a call.

23.

Upon information and belief, in the past three (3) years, while employed by Defendants in his capacity as an officer within the CSI-F division, Plaintiff Aaron

Miller was on-call for approximately one hundred seventy (170) hours for which he was not compensated.

24.

Upon information and belief, in the past three (3) years, while employed by Defendants in their capacity as officers in the CID, Plaintiffs were on-call for the following number of hours, for which they were not compensated:

Shaun Bridger (1,927); Kenneth Hester (1,012); Robbie Joiner (620); Jean LeBeuf (1,038); Dallas Malone (3,698); Nicholas McCane (4,660); Neal Moore (1,607); Michael Parrott (1,468); Brian Powell (2,293); Daniel Putnam (1,000); Carey Vann (1,000); Joseph Vamper (1,248).

25.

As laid out in Sections 6.06 and 7.05 of the Manual, as well as in the Directive, while on-call, Plaintiffs received a cell phone and/or pager that they were required to carry at all times, inclusive of evenings, holidays and weekends.

26.

While on-call, Plaintiffs were not free to consume alcohol, and were restricted in where they could travel, as Plaintiffs were required to respond within thirty minutes to an hour of the call being received.

27.

The CSI-F's and CID's on-call policies restricted Plaintiffs from effectively using their time for personal use. Therefore, the on-call hours constituted hours "worked" under the FSLA.

## FLSA VIOLATIONS

28.

Plaintiffs re-allege and incorporate the averments in paragraphs 1-27.

29.

The willful failure of Defendants to compensate Plaintiffs at one and one-half times their regular pay rate for such hours worked is a violation of 29 U.S.C. § 207.

30.

Such violation is redressable by the Plaintiffs under 29 U.S.C. § 216(b), entitling them to liquidated damages, attorney's fees and expenses of litigation.

31.

Defendants are liable to Plaintiffs under the FLSA for the amount of their unpaid compensation for overtime work performed beginning three years before the commencement of this action, for liquidated damages, for reasonable attorneys' fees, and for costs and disbursements of this action.

32.

The employment and work records for the Plaintiffs are in the possession, custody and control of the Defendants, and the Plaintiffs are unable to state precisely at this time the exact amounts owing to them. The Defendants are under a duty imposed by 29 U.S.C. §211(c) and the regulations of the United States Department of Labor to maintain and preserve payroll and other employment records with respect to Plaintiffs from which all or part of the amounts of Defendants' liability can be ascertained.

## **MANUAL/DIRECTIVE VIOLATIONS**

33.

Plaintiffs re-allege and incorporate the averments in paragraphs 1-32.

34.

Plaintiffs are likewise entitled to "on call" pay in accordance with the Manual, Sections 6.06 and 7.05, as well as the Directive, which state in pertinent part as follows:

> As for compensation for the on-call time, the employee will be paid as though he/she actually worked two hours for each day on which he/she is on call and four hours for each Saturday, Sunday or Holiday he/she is on call regardless of whether he/she is actually required to respond to a call.
> The rate of pay for actual work time while on call shall be in

accordance with MBCG pay policy regarding overtime pay. In the event the on-call employee must respond to a call during the on-call time, he/she will be paid for any time actually worked above and beyond the on-call listed above.

35.

Since the inception of this policy, Defendants have willfully failed to compensate Plaintiffs for any of their time spent on-call or on stand-by, constituting a violation of Defendants' own policies and procedures.

**WHEREFORE**, Plaintiffs pray for the following relief:

A.) That summons issue as required by law;

B.) That they have a trial by jury;

C.) That the Court issue a finding that Defendants willfully violated the FLSA;

D.) That they have judgment for their uncompensated overtime hours spent on-call during the past three (3) years;

E.) That they have judgment for liquidated damages authorized under the FLSA for Defendants' willful violations over the past three (3) years;

F.) That they have judgment for their attorney's fees and expenses of litigation;

G.) That they have judgment for pre-judgment interest on all unpaid compensation and damages owed;

H.) That they have judgment for all unpaid on-call or stand-by hours pursuant to the Manual and Directive;

I.) That they receive such other and further relief as is just and proper.

This 12th day of August, 2019.

*/s/ Stephen M. Welsh*
STEPHEN M. WELSH
Georgia Bar No.: 747900
Attorney for Plaintiffs


**BUZZELL, WELSH & HILL, LLP**
200 Third Street
P.O. Box 1017
Macon, GA 31202-1017
(478) 742-8820
swelsh@bwhlegal.com